IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURIE FORSBERG,                         )
                                          )
          Plaintiff,                      )
                                          )     CIVIL ACTION
v.                                        )
                                          )     No. 17-1087-JWL
NANCY A. BERRYHILL,                       )
Acting Commissioner of Social Security,   )
                                          )
          Defendant.                      )
_____)

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding the Administrative Law Judge (ALJ) erred in evaluating the medical opinion of the medical expert, the court ORDERS that the final decision of the Commissioner shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

On August 2, 2013, Plaintiff applied for DIB.  (R. 164).  Her application was denied initially on November 12, 2013 and she exhausted administrative proceedings

before the Commissioner. (R. 1, 16, 71, 81). Plaintiff now seeks judicial review of the Commissioner's final decision denying benefits. (Doc. 1). Plaintiff argues that although the ALJ afforded great weight to portions of Dr. Rubin's[1] interrogatory opinion and little weight to other portions, he apparently did not accept Dr. Rubin's opinions regarding pushing, pulling, using foot controls, or reaching, but did not discuss those limitations or explain his reasons for not accepting them. (Pl. Br. 10). She argues that therein he erred by inadequately evaluating the medical opinion at issue, and by failing to resolve the material inconsistency and ambiguity created thereby. Id.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

---

[1] As both parties agree, the physician whose opinion is at issue is Dr. Leonard Rubin, but he was consistently, and mistakenly, referred to in the decision as Dr. Rubin Leonard. (Pl. Br. 9, n.1), (Comm'r Br. 3, n.2); see e.g., (R. 16, 23, 30); see also, (R. 601, (Curriculum Vitea), 606, 612 (response to interrogatory)).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, with the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issue as presented in Plaintiff's Brief and finds remand is necessary to adequately explain the weight accorded Dr. Rubin's opinion and the reasons for that weight.

**II.   Discussion**

Other than the ALJ's acknowledgement that Dr. Rubin found Plaintiff's condition did not meet the criteria of a Listed Impairment (R. 23), the ALJ's consideration of Dr. Rubin's opinion is reproduced in its entirety below:

> Dr. [Rubin], the medical expert who responded to a medical interrogatory, completed a Medical Source Statement opining the claimant could frequently lift and carry up to 10 pounds and occasionally lift and carry 20 pounds (Ex. 15F/5). She could sit 4 hours at a time for a total of 6 hours in an 8-hour workday, stand 2 hours at a time for a total of 4-hours in an 8-hour workday, and walk 2 hours at a time for a total of 3 hours in an 8-hour workday (Ex. 15F/6). She does not require the use of a cane for ambulation (Ex. 15F/6). Dr. [Rubin] assessed some manipulative, postural, and environmental limitations, but indicated the claimant could engage in all activities of daily living (Ex.15F/7-10 [(R. 609-12)]).
>
> The undersigned affords Dr. [Rubin's] opinion partial weight. Dr. [Rubin's] lifting restrictions are afforded great weight because they are consistent with the record as a whole and well supported by the objective evidence of record, including the findings of the State Agency medical consultants. However, little weight is given to Dr. [Rubin's] other assessed exertional limitations. Rather, in terms of sitting, standing, and walking limitations, more weight is afforded to the opinions of the State Agency medical consultants, which are more consistent with the overall evidence of record. Specifically, including the findings of the consultative examiner showing the claimant had no difficulty with heel and toe walking, squatting and arising from the sitting position, or with hopping (Ex. 8F/3). Furthermore, no permanent sitting, standing, or walking limitations have been assessed by the claimant's treating doctors.

(R. 30).

Although the ALJ acknowledged that Dr. Rubin "assessed some manipulative … limitations" (R. 30) and himself assessed an RFC limited to "only occasional overhead reaching" (R. 24) (bolding omitted), he did not mention that Dr. Rubin opined that Plaintiff was limited to occasional "reaching (overhead)," occasional "reaching (all other)," and occasional "push/pull" with both hands, and he did not mention that Dr. Rubin limited Plaintiff to only occasional "operation of foot controls." (R. 609). Moreover, the state agency physical consultants, Dr. Coleman, and Dr. Geis, whose opinions regarding light exertion work the ALJ adopted (R. 29), opined that Plaintiff is

5

limited to occasionally pushing and pulling 20 pounds but may frequently push and pull 10 pounds. (R. 77, 91). Therefore, the record contains conflicting medical opinions regarding Plaintiff's ability to push or pull, the ALJ did not explain which opinion he accepted, and did not acknowledge that there were conflicting opinions.

Social Security Ruling (SSR) 96-8p includes narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2018). The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the claimant is able to perform sustained work activities, and describe the maximum amount of each work activity the claimant can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. The narrative discussion must include consideration of medical opinions regarding claimant's capabilities. Id. at 149-50. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. Id. at 150. Here, the ALJ did not even acknowledge that his RFC assessment conflicts with Dr. Rubin's opinions. The court is without jurisdiction to consider Dr. Rubin's opinion and accord it weight in the first instance. Remand is necessary for the Commissioner to consider the opinion and explain how it has been weighed and accepted or rejected.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated March 26, 2018, at Kansas City, Kansas.

                                      s:/ John W. Lungstrum
                                      **John W. Lungstrum**
                                      **United States District Judge**